[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

No. 09-13655
Non-Argument Calendar
_____

D. C. Docket No. 07-00176-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY ALAN PENTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 25, 2010)

Before BIRCH, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Alan Penton appeals his convictions for providing child pornography to a minor for the purpose of inducing her to participate in illegal activity (Count 1), possession of child pornography (Count 2), and receipt or distribution of child pornography (Count 3). On appeal, Penton challenges the sufficiency of the evidence on each of the counts, arguing that (1) as to Count 1, the evidence was insufficient for the jury to find that the child pornography was used for the purpose of persuading a minor to engage in illegal conduct and (2) as to all of the counts, the Government failed to introduce evidence sufficient to prove the statute's interstate commerce element.

As to each of these claims, we review *de novo* the sufficiency of the Government's evidence. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). In undertaking this review, we view the evidence in the light most favorable to the verdict, making all reasonable inferences and credibility choices in the Government's favor and accepting the jury's determinations of witness credibility. *Id.* We will not overturn Penton's conviction unless no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *See id.*

I.

First, the Government's evidence was sufficient to sustain Penton's conviction for showing child pornography to a minor for the purpose of inducing

her to participate in illegal activity in violation of 18 U.S.C. § 2252A(a)(6).

Specifically, the child victim (A.K.) testified that Penton showed her a movie on

his computer that depicted a minor girl touching herself sexually and included an

older man and another minor girl in a sexual situation. A.K. further testified that

immediately after showing her the child pornography, Penton removed A.K.'s

clothing and sexually molested her, while also touching himself sexually. Given

the temporal proximity of Penton's showing A.K. the pornographic movie and his

sexual touching of both A.K. and himself, the jury was entitled to infer that he had

showed her the movie for the purpose of persuading her to engage in sexual

conduct. That Penton denied the occurrence of these events does not change the

outcome, as the jury's credibility determinations must be accepted on review. *See*

*Wright*, 392 F.3d at 1273.

As such, the Government's evidence was sufficient to show that Penton

showed child pornography to A.K., a minor, for the purpose of persuading A.K. to

engage in sexual contact with him, which, given her age, was illegal. Thus, the

evidence was sufficient to establish the elements of a § 2252A(a)(6) violation.

## II.

Second, the Government's evidence was sufficient to establish the interstate

commerce element of each of the crimes. As to Count 1 (inducing a minor), the

Government satisfied this element by proving that the images were "produced" using equipment that had traveled in interstate commerce. *See* § 2252A(a)(6)(B) (criminalizing images "produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer"). We have held that the Government can satisfy the interstate-commerce requirement of child pornography statutes by showing that the computer equipment on which the images are stored traveled in interstate commerce, regardless of how the images themselves were originally produced. *United States v. Maxwell*, 446 F.3d 1210, 1211–12, 1219 (11th Cir. 2006).

Here, the Government introduced evidence sufficient for the jury to find that the child pornography at issue in Count 1 was stored and displayed on computer materials that themselves had traveled in interstate commerce. FBI forensic computer examiner Brian Poole testified that because Penton used a media player computer program to show A.K. the child pornography, the pornography necessarily was produced using components of Penton's computer. Poole then testified that all computers seized from Penton's residence were entirely comprised of parts manufactured outside of the United States, including each of the computers' internal hard drives. The district court's instructions then adequately presented this interstate commerce element to the jury, and the jury permissibly

4

credited the Government's evidence. Accordingly, the evidence was sufficient to sustain the jury's verdict as to Count 1.

As to Count 2 (possession of child pornography) and Count 3 (receipt or distribution of child pornography), the Government satisfied the statute's interstate commerce element by directly demonstrating that the images themselves traveled across state lines. It is well-settled that the internet is an instrumentality of interstate commerce. *See United States v. Hornady*, 392 F.3d 1306, 1311 (11th Cir. 2004). We have also held that if a child depicted in child pornography resides outside of the defendant's state, proof of such residence can serve as sufficient circumstantial evidence that the images were obtained via the internet and thus traveled across state lines. *United States v. Dodds*, 347 F.3d 893, 900 (11th Cir. 2003).

Here, there was sufficient evidence for the jury to conclude that at least some of the child pornography images that Penton received and possessed had traveled in interstate commerce. FBI examiner Poole testified at length regarding the proof of internet activity on the various computers seized from Penton's house. Poole also identified six particular images that he retrieved from Penton's computer that he believed contained child pornography. Among these six images was one image that, according to the testimony of a Texas law-enforcement officer, had been

produced in Texas, and featured a five-year-old girl. Another of the six images, according to the testimony of a Missouri FBI Agent, had been produced in Missouri, and featured a ten-year-old girl. Thus, the jury was entitled to determine that both of these images had traveled in interstate commerce.

In addition, Poole testified regarding another ten images that he had extracted from Penton's computer equipment. Poole testified that each of those ten images matched images on a database of internet-distributed child pornography, further supporting a finding that Penton obtained these images via the internet, which, in turn, compels the conclusion that they had traveled in interstate commerce.

As such, the Government's evidence was sufficient to establish the interstate commerce element as to the images charged in each of the three counts.

**AFFIRMED.**